IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY A. DOCK and LINDA L. LONG, : <br>     Plaintiffs : <br> v. : <br> : <br> RUTH RUSH, DONALD READE, DONALD CAMPBELL, TROOPER RICK BLAIR and SNYDER COUNTY : <br> : <br>     Defendants : | No. 4:09-CV-606 <br><br> Judge John E. Jones, III <br><br> Electronically Filed Document |

## BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT TROOPER RICK BLAIR TO DISMISS THE COMPLAINT

### A. STATEMENT OF THE CASE

This is a civil rights action brought pursuant to 42 U.S.C. §1983 in which the plaintiffs, Jeffrey A. Dock and Linda L. Long, individually and as executors of the estate of Jeremy W. Dock, assert violations of the First, Eighth and Fourteenth Amendments to the Constitution of the United States as well as state law claims for negligence and wrongful death.[1] Pennsylvania State Police Trooper Richard Blair ("Trooper Blair") is named as a defendant. Plaintiffs also name as defendants Snyder County and three Snyder County officials: Ruth Rush, Donald Reade and

---

[1] The only claim asserted against Trooper Blair is a Fourteenth Amendment claim regarding his investigation of Jeremy Dock's death. *See* Complaint, ¶¶27-28, 30-31, 41-42. As a result, only this claim is addressed in this brief.

Donald Campbell ("Snyder County defendants").  Trooper Blair has moved to dismiss all claims against him.  This brief supports that motion.

### B.  STATEMENT OF FACTS[2]

On April 17, 2007, Jeremy Dock ("Mr. Dock") died while incarcerated at the Snyder County Prison.  Complaint, ¶¶10, 13.  According to plaintiffs, Mr. Dock did not commit suicide, as is asserted by the Snyder County defendants, but rather was killed by prison guards or prisoners.  Complaint, ¶¶13, 15, 19, 21.  Trooper Blair purportedly failed to conduct a proper investigation into Mr. Dock's death.  Complaint, ¶29.

### C.  QUESTION PRESENTED

**WHETHER THE COMPLAINT SHOULD BE DISMISSED AS TO TROOPER BLAIR?**

### D.  ARGUMENT

**THE COMPLAINT SHOULD BE DISMISSED AS TO TROOPER BLAIR.**

**1. The Merits.**

Plaintiffs assert that Trooper Blair failed to conduct a proper investigation into Mr. Dock's death, in violation of the Fourteenth Amendment.[3]  They

---

[2] For purposes of this motion only, Trooper Blair has accepted plaintiffs' version of facts as pled in the complaint.

[3] It is unclear from the complaint whether plaintiffs are asserting this claim in their individual capacity, in their representative capacities on behalf of Mr. Dock, or

2

maintain that Trooper Blair, *inter alia*, "had a duty to thoroughly investigate the death of Jeremy Dock which they failed to carry out," and that this failure evidenced "a callous unlawful disregard for the rights of Jeremy Dock." Complaint, ¶42.

However, counsel for Trooper Blair has been unable to locate any precedential support for the proposition that a victim, or any third party, is entitled to any sort of police investigation. Rather, the opposite seems to be the case.

It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 768 (2005)("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations.") Additionally, one court considered a claim that was almost identical to the one advanced by plaintiffs in this case and rejected it.

The United States District Court for the District of Connecticut considered an inmate's claim that a Connecticut State Trooper "failed to thoroughly investigate plaintiff's claim that he was assaulted by [two prison guards]." *Joyce v.*

---

both. Trooper Blair believes that the claim against him fails regardless of on behalf of whom it is asserted, and therefore has not addressed this distinction in capacity in this brief.

*Hanney*, 2009 WL 563633, *9 (D.Conn. 2009). Not only did the court find that "[p]laintiff does not have a constitutionally protected right to have any defendant disciplined or prosecuted," but "[h]e also does not have the right to have the matter investigated." *Id.*, *citing Gonzales*, 545 U.S. at 768-69.

Further, it appears that every court that has considered a claim of a constitutional entitlement to an investigation has rejected the claim as not implicating any constitutional right. *See Edwards v. Reno*, 1996 WL 763875, *1 (D.C. Cir. 1996)("alleged legal interest in an investigation is 'one that clearly does not exist.'"); *Ibrahim v. United States*, 1994 WL 317601, *1 (D.C.Cir. 1994)("to the extent that appellant claimed an interest in having the United States investigate him claims against judges and court employees, his claim is without merit.").

Given that a private citizen has no constitutional interest in the *result* of a police investigation, one cannot conceivably argue that that same citizen has some constitutional interest in the *methodology* of that police investigation. For this reason, the complaint should be dismissed as to Trooper Blair.

**2. Qualified Immunity.**

Additionally, even assuming that some right to a police investigation exists, the complaint should still be dismissed as to Trooper Blair because he is entitled to qualified immunity on this claim.

Government officials, such as state troopers, performing discretionary functions are protected from liability for damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Third Circuit clarified the standard by explaining that "to defeat qualified immunity it is not sufficient that the right at issue be clearly established as a general matter. Rather, the question is whether a reasonable public official would know that his or her specific conduct violated clearly established rights." *Grant v. City of Pittsburgh*, 98 F.3d 116, 121 (3d Cir. 1996), *citing Anderson v. Creighton*, 483 U.S. 635, 636-37 (1987). The proper inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *citing Wilson v. Layne*, 526 U.S. 603, 615 (1999). Qualified immunity protects "all by the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986), and "[i]f the law did not put the officer on notice that his conduct would be clearly unlawful," he is entitled to qualified immunity. *Saucier*, 533 U.S. at 201.

Therefore, a police officer is entitled to qualified immunity where "a reasonable officer could have believed that his or her conduct was lawful, in light of clearly established law and the information in the officer's possession." *Sharrar v. Felsing*, 128 F.3d 810, 826 (3d Cir. 1997), *citing Hunter v. Bryant*, 502 U.S.

5

224, 227 (1991)(per curiam) and *Anderson*, 483 U.S. at 641.  Under this standard, law enforcement officials who reasonably, but mistakenly, conclude that their conduct is lawful are entitled to immunity.  *Sharrar*, 128 F.3d at 826;  *Hunter*, 502 U.S. at 227.

Analyzed under this framework, it is clear that Trooper Blair is entitled to qualified immunity because the law with respect to plaintiffs' entitlement to a police investigation was not clearly established.  For this reason, as well, the complaint should be dismissed as to Trooper Blair.

### E.  CONCLUSION

For the foregoing reasons, the Court should dismiss all claims asserted in plaintiffs' complaint against defendant Trooper Rick Blair.

**Respectfully submitted,**

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:  *s/Lisa Wojdak Basial*
**LISA WOJDAK BASIAL**
**Senior Deputy Attorney General**
**Attorney ID 71554**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 787-7157**
**Fax:    (717) 772-4526**
**lbasial@attorneygeneral.gov**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Civil Litigation Section**

**Date:  June 3, 2009**

**Counsel for Defendant Trooper Rick Blair**

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY A. DOCK and LINDA L. LONG,** : | |
| : | No. 4:09-CV-606 |
| Plaintiffs : | |
| v. : | |
| : | Judge John E. Jones, III |
| **RUTH RUSH, DONALD READE, DONALD CAMPBELL, TROOPER RICK BLAIR and SNYDER COUNTY** : | |
| : | Electronically Filed Document |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Lisa Wojdak Basial, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on June 3, 2009, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of the Motion of Defendant Trooper Rick Blair to Dismiss the Complaint by electronic filing to the following:

**Don A. Bailey, Esquire**
4311 North Sixth Street
Harrisburg, PA  17110
e-mail:  AdrienneMamma6@aol.com

*Attorney for Plaintiffs, Jeffrey A. Dock and Linda L. Long*

**Crystal Clark, Esquire**
**David L. Schwalm, Esquire**
Thomas, Thomas & Hafer, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA  17108-0999
e-mail: cclark@tthlaw.com
*Attorneys for Defendants Ruth Rush, Donald Reade, Donald Campbell and Snyder County*

   s/Lisa Wojdak Basial
**LISA WOJDAK BASIAL**
**Senior Deputy Attorney General**