**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JEFFREY A. DOCK, et. al.,

    Plaintiffs,

       v.

RUTH RUSH et. al.,

    Defendants.

CIVIL ACTION NO. 09-cv-606

(JUDGE CAPUTO)

**<u>MEMORANDUM</u>**

Plaintiff Jeffrey A. Dock moves the Court to have his case re-opened under Federal Rules of Civil Procedure Rule 60(b).  (Doc. 55).  In support of this Motion, Dock argues that presiding Judge John E. Jones III should have recused himself due to his exhibited bias against Plaintiffs' attorney, Don Bailey.  Defendants argue that Dock has failed to show the necessary elements for Relief from a Judgment or Order pursuant to Rule 60, that the Motion is untimely and without jurisdiction, and that any prejudice, should it exist, is without harm.  As the Court finds no extraordinary circumstances warranting relief from a judgment, I will deny Dock's Motion for Relief from a Judgment or Order.

**BACKGROUND**

On April 2, 2009, Jeffrey A. Dock and Linda L. Long, as Executors of the Estate of Jeremy W. Dock,  brought a Complaint against Snyder County, Pennsylvania, the Warden at Snyder County Prison, the Watch Commander at Snyder County Prison, and PSP Trooper Rick Blair for the death of their son, Jeremy W. Dock.  Plaintiffs claimed that while in protective custody, Jeremy W. Dock "was killed by prison guards, and/or prisoners, to retaliate because it was believed he cooperated in an investigation of the prolific drug traffic in the Snyder County jail."  (Compl. at ¶ 1, Doc. 1).  They also alleged that "PSP Trooper

Blair intentionally did not investigate the death of Jeremy W. Dock although there were a number of inexplicable circumstances." (*Id.* at ¶ 2).   As such, their Complaint brought claims pursuant to 42 U.S.C. § 1983 for violations of their son's First, Eighth, and Fourteenth Amendment rights, as well as survivorship claims for negligence and wrongful death.

From its inception to dismissal, The Honorable Judge E. Jones III presided over this matter.   In June of 2009, the Snyder County Defendants and Trooper Blair filed Motions to Dismiss.   (Docs. 9 and 11).   Judge Jones granted Plaintiffs' two subsequent Motions for Enlargement of Time to Respond to Defendants' Motions to Dismiss.   (Docs. 16 and 18). Ultimately, Judge Jones granted the Motions to Dismiss as against Snyder County and Trooper Blair, as well as Plaintiffs' Fourteenth Amendment Claim.   (Doc. 29 at 15). However, Judge Jones directed the Plaintiffs to submit an Amended Complaint on their First and Eighth Amendment Claims.   (*Id.*).   Instead, the Plaintiffs filed a Motion for Reconsideration, which was denied by Judge Jones, who then again directed the Plaintiffs to file an Amended Complaint.   (Doc. 34).   When Plaintiffs failed to do so, and the Defendants again Moved to Dismiss, Judge Jones directed the Plaintiffs to show good cause as to why their action should not be dismissed with prejudice.   (Doc. 37).   Though Plaintiffs filed a response, Judge Jones deemed this response unsatisfactory and once again directed the Plaintiffs to show good cause as to why the action should not be dismissed with a proposed amended complaint attached.   (Doc. 39).   Without articulating such cause, Plaintiffs then filed their Amended Complaint on August 30, 2010.   (Doc. 41).

Defendants again moved to dismiss, and on October 29, 2010, Judge Jones granted the Defendants' Motion to Dismiss the Amended Complaint and closed the action.   (Doc.

49).  Dock appealed the case to the United States Court of Appeals for the Third Circuit on

November 22, 2010, which affirmed Judge Jones's October 29, 2010 Order and issued its

Mandate on September 13, 2011.  Dock filed a Writ of Certiorari to the United States

Supreme Court on September 20, 2011, which remains pending.[1]

Currently before the Court is Dock's[2] Motion to Open Judgment pursuant to Federal

Rule of Civil Procedure Rule 60(b).  Dock believes that Judge Jones's recent recusal from

reviewing cases brought by Attorney Don Bailey and his testimony at Bailey's disciplinary

hearings constitutes evidence that "Judge Jones is guilty of treating my attorney, Don

Bailey, and by extension [him] as a litigant, in a demonstrably egregious and hostile

manner."  (Mot. at ¶ 6, Doc. 55).  As such, Dock believes his case was unfairly dismissed

and that Judge Jones's "long-term bias and prejudice against Mr. Bailey" justifies the

reopening of Plaintiffs' case.  (*Id.* at ¶¶ 3-4).  The Motion has now been fully briefed and is

ripe for review.

## DISCUSSION

Plaintiff requests the Court to open judgement pursuant to Fed. R. Civ. P. 60(b).

Specifically, Rule 60(b)(6), the only subsection applicable to this matter, is a catchall

---

[1]A petition for writ of certiorari does not necessarily divest the Court of jurisdiction. Following the mandate of a court of appeals, jurisdiction returns to the district court. *See United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988) ("Simply put, jurisdiction follows the mandate."); *see also* 2A Fed. Proc., L.Ed. § 3:1013.  While Federal Rules of Appellate Procedure Rule 41(d)(2) allows a party to move to "stay a mandate pending the filing of a petition for a writ of certiorari in the Supreme Court," this stay is not automatic.  "Therefore, the mere filing of a petition for certiorari with the Supreme Court neither stops the mandate from issuing nor stops the case from proceeding in the district court.  A litigant desiring such cessation must seek and obtain a stay." *United States v. Sears*, 411 F.3d 1240, 1242 (11th Cir. 2005).

[2]Plaintiff Linda L. Long has not participated in the instant Motion.

3

provision which allows a court to relieve a party from the effects of an order for "any other reason justifying relief ." Fed. R. Civ. P. 60(b)(6).  While this section "does not particularize the factors that justify relief, . . . [it] provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'"  *Liljeberg v. Healthcare Serv. Acquisition Group*, 486 U.S. 847, 863 (1988) (internal citations omitted). It is only available where a party requesting Rule 60 relief makes a showing that "'extreme' and 'unexpected' hardship will result absent such relief."  *Jackson v. Danberg*, 656 F.3d 157, 165-66 (3d Cir. 2011).  The standard is even more strict in situations such as this, where a court is asked to vacate the judgment of another court "because of the additional interest in comity among the federal district courts."  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251-52 (3d Cir. 2008).

The general purpose of relief under Fed. R. Civ. P. 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir.1978).  A district court's review of a Rule 60(b) motion is governed by the abuse of discretion standard, *Coltec Indus. v. Hobgood*, 280 F.3d 262, 269 (3d Cir. 2002), and such a court shall be "guided by accepted legal principles applied in light of all the relevant circumstances.'"  *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir.1981).  It is axiomatic that a Rule 60(b) motion may not be used as a substitute for appeal.  *See Paige v. Holt*, 439 Fed.Appx. 169, 171 (3d Cir. 2011).

Plaintiff seeks to have his case reopened as the law requires that "[a]ny justice,

judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moreover, subsection (b)(1) requires a judge to abstain where there exists "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). In determining as much, a court will look to "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007) (citing *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003)).

At the same time, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias as they are "within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.*

Plaintiff cites *Liljeberg v. Health Services Acquisition Corporation* in support of having his case reopened under § 455. 486 U.S. 847 (1988). That case concerned a declaratory judgement action as to the ownership of a particular hospital. *Id.* at 848. In a bench trial by Judge Robert Collins, the judge found in favor of Defendant Liljeberg and the appellate court affirmed. Almost a year later, the plaintiff learned that the judge was a member of the Board of Trustees of Loyola University which, at all relevant times, was in negotiations with Defendant Liljeberg for a land purchase, the success of that negotiation turning upon a verdict in favor of Liljeberg. *Id.* at 848-49. Upon review, the Supreme Court affirmed the

5

appellate court's subsequent ruling vacating the judgment for the judge's failure to recuse himself under § 455.  In doing so, the Court considered: (1) risk of injustice to parties in particular case, (2) risk that denial of relief will produce injustice in other cases, and (3) risk of undermining public's confidence in judicial process.  *Id.* at 864.

While there are no supporting documents accompanying Plaintiff's Motion,[3] Dock views Judge Jones's recusal from hearing Attorney Bailey's cases as evidence of his "long-term bias and prejudice against Mr. Bailey which clearly overlapped with the handling of [Plaintiffs'] case" and that his case was "improperly dismissed as part of a pattern of conduct to hurt and harm Mr. Bailey and the civil rights clients that he represents."   (Mot. at ¶ 3, Doc. 55).  Dock also asserts that Judge Jones's testimony in the hearings against Attorney Bailey exhibits bias, specifically Judge Jones's testimony "that he didn't give Mr. Bailey time to respond in at least one case because he knew what he was going to say." (*Id.* at ¶ 1).

As to his specific case, Dock claims that his case was wrongfully dismissed "without giving Mr. Bailey a fair opportunity to address [his] claims."  (*Id.* at ¶ 6).  Specifically, Dock alludes to a "pattern of Judge Jones of throwing out Mr. Bailey's cases while not allowing any discovery."  (*Id.*).  The Court does not agree that these actions indicate bias.  As

---

[3]While the "principal basis" for this motion is "evidence in the public record that Mr. Bailey has been targeted and treated differently, and prejudicially, due to the nature of the cases that he files," (Mot. at ¶ 2, Doc. 55), no such evidence is actually included in the record.  Instead, Dock's Motion purports to incorporate by reference "the record of all disciplinary proceedings, and other motions like this."  (*Id.* at ¶ 7).  He also requests a hearing to submit further evidence and argument.  However, Local Rule 7.3 ("Exhibits and Other Documents Substantiating Motions") requires that "[w]hen allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents must be filed simultaneously with the motion."

indicated above, Judge Jones afforded Plaintiffs more opportunities than required to delay and amend their filings.  Moreover, while it is true that Judge Jones did not afford discovery, none was required as he concluded "the claims as stated demonstrate no possible entitlement to relief."[4]  (Mem. at 7, Doc. 48).  The Third Circuit specifically affirmed this decision by Judge Jones, stating that discovery was not necessary where "the District Court permitted [leave to amend] and was extraordinarily generous with the Appellants, permitting amendment even when the prescribed time for completing such a filing had passed."  *Dock v. Rush*, 432 F.Appx. 130, 134 (3d Cir. 2011).

From these facts, the Court fails to find sufficient facts to vacate the judgement of a sister court.  Turning to the first *Liljeberg* factor, risk of injustice to parties in the particular case, disparaging comments are alone insufficient to establish judicial bias.  *Liteky*, 510 U.S. at 555.  Moreover, there are no concrete facts pertaining to the instant matter that would suggest any "deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.*  Unlike *Liljeberg*, where the trial judge had a direct, tangible interest in the matter at hand, Dock presents only speculative evidence to support his claim, fostered by independent events–Judge Jones's testimony and recusal–that occurred after the disposition of his case.

Even assuming *arguendo* that such bias did exist, the Court finds that the Third Circuit's *de novo* review of Judge Jones's determination renders any such refusal to

---

[4]This finding by Judge Jones is not surprising as "the only things that were 'amended' between the original complaint (which was mostly dismissed) and the amended complaint were the deletion of one name from the caption, attachment of photographic evidence that Plaintiffs suggest support their otherwise unsupported claims, the addition of a few words indicating the attachment of exhibits, and the font size."  (Mem. at 7, Doc. 48).

recuse–which was never requested–harmless. "Although § 455 defines the circumstances that mandate disqualification of federal judges, it neither prescribes nor prohibits any particular remedy for a violation of that duty." *Liljeberg*, 486 U.S. at 862. Instead, in shaping a remedy, courts are directed to consider the aforementioned *Liljeberg* factors in shaping the remedy–"the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864. In so doing, the Third Circuit found that failing to disqualify in violation of § 455 "may be harmless error when a court of appeals will later review a ruling on a plenary basis." *In re School Asbestos Litigation*, 977 F.2d 764, 786 (3d Cir. 1992); *Marcavage v. Bd. of Trs. of Temple Univ. of the Commonwealth Sys. of Higher Educ.*, 232 Fed. Appx. 79, 84 (3d Cir. 2007) (agreeing "with the majority position that harmless error applies to violations of § 455(a)."). Additionally, where a "failure to recuse did not affect the dispositions of the plaintiff's claims and a remand . . . would only prolong the litigations," the Third Circuit held that an independent review, with remand only in event of error, would be the best course of action. *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 171 (3d Cir. 2004).

While the Plaintiffs did not explicitly raise a § 455 violation before the Third Circuit, the Court again notes that the issue of judicial prejudice appears to have been expressly included in the Plaintiffs' brief before the court of appeals, which complained that there was prejudice at work, which "may have been due to some prejudice against plaintiffs' counsel, as the language used by the district judge in this case and elsewhere seems to suggest . . . ." (Defs.' Ex. B at 25, Doc. 57-2). Therefore, in light of the Third Circuit's *de novo* review of this matter, the Court cannot find that any of the *Liljeberg* factors counsel reopening this

8

matter as it would not be in the interest of justice and would only serve to undermine the

public's confidence in the judicial process.  As such, the Court will deny Dock's Motion.[5]

## CONCLUSION

In light of all relevant circumstances, Plaintiff has not demonstrated any extraordinary

occurrences that justify relief under Fed. R. Civ. P. 60(b)(6).  Therefore, the Court will deny

Plaintiff's Motion to Open Judgment.  (Doc. 55).  An appropriate order follows.


 January 10, 2012                                                          /s/ A. Richard Caputo
Date                                                                        A. Richard Caputo
                                                                            United States District Judge

---

[5]The Defendants make two additional, related arguments: (1) that Dock's Motion has not been brought within a reasonable time, see *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988); Fed. R. Civ. P. 60(b); and (2) that the Court is "is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in defendants' prior appeal."  *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982).  While the Court need not address either of these arguments on the merits, I note that when Attorney Bailey filed his brief before the Third Circuit on this matter on January 25, 2011, he complained that there was prejudice at work at the district court level, which "may have been due to some prejudice against plaintiffs' counsel, as the language used by the district judge in this case and elsewhere seems to suggest . . . ." (Defs.' Ex. B at 25, Doc. 57-2).  Moreover, Dock, in his Reply Brief, also admits that while this matter was before the trial court, "Mr. Bailey did tell us that there was an agenda to get him." (Reply Br. at 3, Doc. 58).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JEFFREY A. DOCK, et. al.,

    Plaintiffs,

        v.

RUTH RUSH et. al.,

    Defendants.

CIVIL ACTION NO. 09-cv-606

(JUDGE CAPUTO)

**ORDER**

    **NOW**, this 10th day of January, 2012, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment (Doc. 55) is **DENIED**.

                                    /s/ A. Richard Caputo
                                  A. Richard Caputo
                                  United States District Judge