# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY A. DOCK, et. al., | CIVIL ACTION NO. 4:09-cv-606 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| RUTH RUSH et. al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Plaintiff's Motion for Reconsideration (Doc. 60) of the Court's January 11, 2012 Order denying Plaintiff's Motion to Open Judgment. As the instant Motion for Reconsideration is solely an attempt to reargue points previously raised, it will be denied.

## I. Background

On April 2, 2009, Jeffrey A. Dock and Linda L. Long, as Executors of the Estate of Jeremy W. Dock, filed a Complaint against Snyder County, Pennsylvania, the Warden at Snyder County Prison, the Watch Commander at Snyder County Prison, and Pennsylvania State Police Trooper Rick Blair for the death of their son, Jeremy W. Dock. On October 29, 2010, the Honorable Judge E. Jones III granted the Defendants' Motion to Dismiss the Amended Complaint and closed the action. Plaintiffs appealed this decision to the United States Court of Appeals for the Third Circuit on November 22, 2010, which affirmed Judge Jones's Order and issued its Mandate on September 13, 2011. *Dock v. Rush*, 432 Fed.Appx. 130 (3d Cir. 2011). Plaintiffs filed a writ of certiorari to the United States Supreme

Court on September 20, 2011, and this petition was denied on January 9, 2012. *Dock v. Rush*, 132 S.Ct. 1014 (2012).

On November 15, 2011, Jeffrey Dock[1] filed a Motion to Open Judgment, which the Court denied on January 11, 2012. *Dock v. Rush*, Civ. Act. No. 09-cv-606, 2012 WL 86893 at *1 (M.D. Pa. Jan. 11, 2012). Currently before the Court is Dock's Motion for Reconsideration of Denial [of the] Motion to Open Judgement. (Doc. 60.)

## II. Discussion

### A. Legal Standard

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

---

[1] Plaintiff Linda L. Long did not participate in the Motion to Open nor in the instant Motion to Reconsider.

"[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa.1999).

**B.    Analysis**

Dock's Motion for Reconsideration is an impermissible attempt to reassert earlier arguments made in support of his Motion to Open. Since there has been no intervening change in controlling law or discovery of new evidence,[2] Plaintiff must show that there has been a clear error of law or fact or that manifest injustice will be prevented. *Max's Seafood Café,* 176 F.3d at 677.

Dock's Motion to Reconsider alleges no such error of law or fact but is predicated on the assertion that prejudicial treatment of Attorney Don Bailey's clients has caused manifest injustice. In particular, Dock argues that Bailey's clients have had their matters dismissed without a "full and fair chance" to make their claims. (Mot. at 2, Doc. 60.) However, the manifest injustice Dock presumes is exactly the same sort raised (and fully considered) in his earlier Motion. In particular, Dock's Motion to Reopen alleged that his case was wrongfully thrown out "on the complaint without giving Mr. Bailey a fair opportunity to address [his] claims" and that Bailey had "been targeted and treated differently, and prejudicially, due to the nature of the cases that he files." (Mot. Open at ¶¶ 2, 6, Doc. 55.) Yet, in my January

---

[2]To the extent Dock includes references the Pennsylvania Civil Rights Law Network website, this website was previously referred to in his Reply Brief in Support of Motion to Open Judgment (Doc 58 at 1) and is not considered as new evidence.

11, 2012 Memorandum, I specifically addressed these arguments, holding that there were "no concrete facts pertaining to the instant matter that would suggest any 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Dock*, 2012 WL 86893 at *4 (quoting *Liteky v. U.S.*, 510 U.S. 540, 555 (1994)).  Further, I held that even if recusal had been warranted, the Third Circuit's *de novo* review of Judge Jones's determination to dismiss the case had successfully mitigated any alleged damage.

In the instant Motion, Dock does not address the holdings of the earlier order denying his Motion to Reopen.  Instead, Dock asserts that his original Complaint contained "evidence . . . which everyone can easily see–that there is at least evidence that my son was killed while he was in prison" and that "[a]nyone can read the documents filed by Mr. Bailey, and know that I have a case, and am entitled to discovery."  (Mot. at 2-3, Doc. 60.)  From this, Dock concludes that my denial of his Motion to Reopen is just a further piece of the overall scheme of alleged prejudice against Attorney Bailey.  While I understand how trying these proceedings have been for Dock and his family, Dock's instant Motion to Reconsider raises no new arguments in support of his Motion to Open and it therefore must be denied.

**Conclusion**

Dock's Motion for Reconsideration points to no clear error of law or fact in the earlier Motion to Open, but instead presents arguments of manifest injustice that were raised and considered in the earlier Motion.  Therefore, as his Motion for Reconsideration is an attempt to reargue matters already presented, it will be denied.  An appropriate order follows.


| March 6, 2012 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |